Hans N. Huggler (OSB #144993)
hans@erisaborealis.com
Alexa M. Shasteen (OSB #170815)
alexa@erisaborealis.com
Borealis Benefits Law, Inc.
522 W. Riverside Ave, Suite 5076
Spokane, WA 99201
(907) 600-1711
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BILLI STETSON,<br><br>Plaintiff,<br><br>vs.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant | Case No.: 3:24-cv-00570<br><br>COMPLAINT FOR RECOVERY OF LONG-TERM DISABILITY BENEFITS |

Plaintiff Billi Stetson alleges as follows:

## I. Nature of the Action

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1000 *et seq.*, to recover long-term disability benefits wrongfully denied.

## II. Parties

2. Plaintiff Billi Stetson ("Stetson") lives in Portland, Oregon.

3. Defendant The Lincoln National Life Insurance Company ("Lincoln National") is an insurance company incorporated and headquartered in Indiana.

## III. Jurisdiction & Venue

4. Lincoln National is licensed and authorized to sell insurance in Oregon and insured Stetson while he was employed in Oregon.

5. The court has "federal question" subject matter jurisdiction over this ERISA action pursuant to 28 U.S.C. § 1331 as well as jurisdiction under 29 U.S.C. § 1132(e)(1).

6. Lincoln National is subject to nationwide service of process in ERISA cases pursuant to 29 U.S.C. § 1132(e)(2). The court has specific personal jurisdiction over Lincoln National.

7. Venue is appropriate in this district pursuant to 29 U.S.C. § 1132(e)(2).

8. Venue is appropriate in this division pursuant to LR 3-2(b).

## IV. Facts

9. In September 2021 Stetson started a job as a Materials Management Supervisor at William Scotsman, Inc. ("WillScot").

10. WillScot provided its employees with group long-term disability benefits under Policy GF3-830-509866-01 (the "Policy"). It also provided self-insured short-term disability benefits with claims administered by Lincoln National

11. Throughout 2021, Stetson received medical treatment for balanitis (penile inflammation). He underwent medical circumcision in July 2021 and received follow-up care in fall 2021.

12. On January 24, 2022, Stetson stopped working due to the acute onset of symptoms arising from what would ultimately be diagnosed as Cauda Equina Syndrome. The syndrome is caused by damage to nerves bundled at the base of the spine. These symptoms included back and pelvic pain, "saddle anesthesia" causing numbness in the groin and inner thighs, and bladder dysfunction that requires Stetson to intermittently catheterize to urinate.

13. Stetson applied for and Lincoln National approved and paid six months of short-term disability benefits.

14. Stetson applied for long-term disability benefits from Lincoln National.

15. The Policy provides for benefits where "during the Elimination Period and the next 60 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation."

16. Lincoln National's consulting urologist determined that "due to [Stetson's] cauda equina syndrome and neurogenic bladder with pelvic pain, [Stetson] would be disabled from January 24, 2022 through July 24, 2022 and from July 25, 2022 until the present time onward. This is a lifelong issue, and [Stetson] would be totally, permanently impaired from all work activity, from it."

17. Nevertheless, Lincoln National denied Stetson's claim under the Policy's "pre-existing condition" exclusion. It upheld that determination on February 29, 2024, after an administrative appeal.

18. The Policy excludes a disability that is "caused or contributed to by, or results from, a Pre-Existing Condition" and "which begins in the first 12 months immediately after the Covered Person's Effective Date of Coverage."

19. The Policy defines Pre-Existing Condition to mean "a condition resulting from an Injury or Sickness for which the Covered Person is diagnosed or received Treatment within three months prior to the Covered Person's effective date of coverage."

20. The Policy defines Treatment to mean "consulting, receiving care or services provided by or under the direction of a Physician including diagnostic measures, being prescribed drugs and/or medicines, whether the Covered Person chooses to take them or not, and taking drugs and/or medicines."

21. Stetson's effective date of coverage was December 12, 2021.

22. Stetson's pre-existing condition look-back period ran from September 13, 2021, to December 11, 2021.

23. Lincoln National denied Stetson's claim because during a November 8, 2021, follow-up appointment for his surgery, Stetson reported "difficulty urinating" and that he "feels he has to push to pee." Stetson was advised by his treating provider that "urethral stream changes are normal post-procedure" and was prescribed a steroid for penile skin irritation.

24. Based on that single report of difficulty urinating, Lincoln National concluded that "[y]our treatment during the preexisting period with symptoms of Cauda Equina Syndrome (sic) which is consistent with your symptoms of ceasing work as of your date of disability." It therefore denied the claim as excluded by pre-existing condition.

## V. Cause of Action – Recovery of Benefits

25. The allegations in Paragraphs 1-24 are included herein.

26. WillScot's long-term disability benefits plan is subject to ERISA.

27. Stetson is a "participant" in WillScot's long-term disability benefits plan. 29 U.S.C. § 1002(7).

28. Lincoln National insured and administered benefits on behalf of WillScot and is a "fiduciary" under ERISA. 29 U.S.C. § 1002(21).

29. ERISA provides a cause of action for participants to recover benefits due under a group benefits plan. 29 U.S.C. § 1132(A)(1)(b).

30. The standard of review for Lincoln National's decision denying benefits is de novo.

31. Stetson is disabled under the terms of the Policy.

32. Lincoln National wrongfully applied the pre-existing condition clause to deny Stetson benefits owed.

## VI. Prayer for Relief

33. Relying on the above allegations, Plaintiff requests the following relief:

a. A order declaring plaintiff's right to benefits and clarifying plaintiff's right to future benefits eligible under the Policy's terms and conditions;

b. Judgment for plaintiff for past-due benefits in an amount determined upon entry of judgment;

c. Pre- and post-judgment interest at the statutory rate;

d. Attorney fees pursuant to 29 U.S.C. § 1132(g)(1) and recoverable costs;

e. Any further legal or equitable relief the Court deems proper.

Dated this 3rd day of April, 2024.

/s/ *Hans Huggler*

Hans N. Huggler, OSB #144993
Alexa M. Shasteen OSB #170815
Borealis Benefits Law, Inc.
Attorneys for Plaintiff