**Iwana Rademaekers, Texas Bar No. 16452560**
Admitted *Pro Hac Vice*
Email: iwana@rademaekerslaw.com
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456

ATTORNEYS FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | | |
|---|---|---|
| BILLI STETSON,<br><br>Plaintiff<br><br>vs.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No.: 3:24-cv-00570-IM**<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** |

For its Answer and Defenses to Plaintiff Billi Stetson's Complaint, Defendant The Lincoln National Life Insurance Company ("Lincoln"), by and through its counsel, states as follows:

**I. Nature of the Action**

1. Lincoln admits that Plaintiff's claims are governed by Section 502(a)(1)(B) of 29 U.S.C. § 1132(a)(1)(B)) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Lincoln admits that Williams Scotsman, Inc. ("WillScot") sponsored the Williams Scotsman, Inc. Long Term Disability Plan (the "LTD Plan") to provide long term disability benefits to certain of its employees. Lincoln admits that it issued a Group Disability Income Policy numbered GF3-830-509866-01 (the "Policy") to WillScot which, at certain times, insured benefits

from the LTD Plan. Lincoln admits Plaintiff was, at certain times, employed by WillScot, and a participant in the LTD Plan. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, along with other damages, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

## II. Parties

2. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits that it is an Indiana Corporation and that it is authorized to do business in Oregon. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

## III. Jurisdiction & Venue

4. Lincoln admits that it is an Indiana Corporation and that it is authorized to do business in Oregon. Lincoln admits that it issued the Policy to WillScot which, at certain times, insured benefits from the LTD Plan. Lincoln admits Plaintiff was, at certain times, employed by WillScot, and a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits Plaintiff's claims are governed by ERISA. Lincoln admits this Court has jurisdiction over this action. Lincoln denies that Plaintiff is entitled to any recovery under ERISA and denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that it was properly served and that this Court has jurisdiction over this action. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that venue is proper in this Court. Lincoln denies that Plaintiff is entitled to any recovery under ERISA and denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits that venue is proper in this Court. Lincoln denies that Plaintiff is entitled to any recovery under ERISA and denies all remaining allegations contained in Paragraph 8 of the Complaint.

## IV. Facts

9. Lincoln admits Plaintiff was, at certain times, employed by WillScot as a Materials Management Supervisor. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that WillScot sponsored the LTD Plan and the William Scotsman, Inc. Short Term Disability Plan (the "STD Plan") to provide disability benefits to certain of its employees. Lincoln admits that it issued the Policy to WillScot which, at certain times, insured benefits from the LTD Plan. Lincoln admits that the STD Plan was self-funded by WillScot and that, at certain times, Lincoln provided certain services pertaining to claims for STD benefits under the terms of a contract between WillScot and Lincoln. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that Plaintiff's last day of work at WillScot was January 21, 2022. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the

administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the STD Plan, which was self-insured by WillScot. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits that Plaintiff submitted a claim for benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. To the extent that the allegations contained in Paragraph 15 seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that it sent letters to Plaintiff dated July 28, 2023, and February 29, 2024, and Lincoln refers to the letters themselves for the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. To the extent that the allegations contained in Paragraph 18 seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits that the Policy includes language pertaining to the definition of "Pre-Existing Condition" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits that the Policy includes language pertaining to the definition of "Treatment" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits Plaintiff was, at certain times, employed by WillScot, and a participant in the STD Plan and the LTD Plan. Lincoln admits that it sent letters to Plaintiff dated July 28, 2023, and February 29, 2024, and Lincoln refers to the letters themselves for the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. To the extent that the allegations contained in Paragraph 22 seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that it sent letters to Plaintiff dated July 28, 2023, and February 29, 2024, and Lincoln refers to the letters themselves for the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits that it sent letters to Plaintiff dated July 28, 2023, and February 29, 2024, and Lincoln refers to the letters themselves for the best evidence of their contents. Lincoln

admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits that it sent letters to Plaintiff dated July 28, 2023, and February 29, 2024, and Lincoln refers to the letters themselves for the best evidence of their contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

## V. Cause Of Action – Recovery Of Benefits

25. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 24 of the Complaint as though fully set forth herein.

26. Lincoln admits that the LTD Plan is governed by ERISA. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln admits Plaintiff was, at certain times, employed by WillScot, and a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. To the extent that the allegations contained in Paragraph 28 of the Complaint contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln admits it issued the Policy to WillScot and was the claims administrator for claims, including the claim submitted by Plaintiff, for benefits from the LTD Plan under the Policy.

Lincoln denies it was the plan administrator of the Plan and denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. To the extent that the allegations contained in Paragraph 29 of the Complaint contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies Plaintiff is entitled to any remedy or relief against Lincoln whatsoever and denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln denies all allegations contained in Paragraph 30 of the Complaint.

31. To the extent that the allegations contained in Paragraph 31 seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln denies all allegations contained in Paragraph 32 of the Complaint.

Lincoln denies all allegations contained in the Prayer of the Complaint, including Paragraphs a-e thereunder, and denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff's claim for prejudgment interest under state law is preempted by ERISA.

3. Plaintiff's claims are barred in whole or in part by waiver, estoppel, or laches.

4. The standard of review by the District Court in this case should be whether Lincoln's decision on Plaintiff's claim for benefits from the LTD Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language.

5. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy, which require offset and/or repayment of any award of other income or benefits received by Plaintiff, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration and any disability benefits Plaintiff receives from any commercial disability policy or workers' compensation policy or plan.

6. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

7. The Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

8. Lincoln expressly reserves the right to amend this Answer to assert such additional affirmative defenses as may appear appropriate on initial Rule 26 disclosures or following discovery in this matter.

WHEREFORE, Lincoln prays that Plaintiff's Complaint and action against it be dismissed with prejudice, that Lincoln be awarded its costs and attorneys' fees herein pursuant to 29 U.S.C. § 1132(g), and Lincoln be awarded such other relief to which it may show itself entitled.

Dated the 30th day of April 2024.

Respectfully submitted,

By: /s/ Iwana Rademaekers

Iwana Rademaekers, Texas Bar No. 16452560
(Admitted *Pro Hac Vice*)
iwana@rademaekerslaw.com

- AND -

BARRAN LIEBMAN LLP

By: /s/ *Andrew Schpak*

**Andrew Schpak, OSB No. 044080**
ASchpak@barran.com
BARRAN LIEBMAN LLP
601 SW 2nd Avenue, Suite 2300
Portland, Oregon 97204
PH: (503) 228-0500
FX: (503) 274-1212

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, District of Oregon, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record:

Hans N. Huggler
E-mail: hans@erisaborealis.com
Alexa M. Shasteen
Email: alexa@erisaborealis.com

Dated: April 30, 2024

By: /s/ *Iwana Rademaekers*
Iwana Rademaekers, Esq.